Jeffrey P. Juspin v. Nancy A. Berryhill Good morning, Your Honor. May it please the Court? Good morning. You may proceed. Thank you. Your name's Jeffrey P. Juspin? That's correct, Your Honor. And we note that you were appointed under the inherent power of the Court. And I'll explain to the audience that under the inherent power of the Court, in certain civil cases, we have the power to appoint an attorney to an indigent litigant, and we thank you for your willingness to accept the assignment. You're welcome. Thank you, Your Honor. What do you think is the difference between the inherent power of the Court and the authority under Section 1915E of Title 28? Do you have a view on that? I haven't studied it in depth, but I do know that the – I always wonder why we wouldn't just use the statutory authority. If it's available, why would you go to an inherent power and invoke that? Mr. Juspin – This may be a little bit off point, but the presiding judge did raise the topic. Judge Kalten has raised that with us many times in conference and before, and we appreciate your answer. And I will tell the Court that the order appointing me, I believe, does cite the statutory Section 1915. Ah, well, then the notes are wrong and the order is correct. We'll have to take it up with our clerks often. You may proceed. Thank you, Your Honor. And would you start the time again, please? I appreciate that. Both parties in this case agree that the district court erred when it concluded that it did not have jurisdiction over a time-barred case. The Supreme Court holds as much in the Bowen v. City of New York case when it explained that the Social Security Act's 60-day limitations period is subject to equitable tolling. So the only question in this case is what this court should do about the district court's error. On that point, there is also some agreement between the parties. The parties both agree that the traditional equitable tolling principle applies. The parties both agree that, generally, the traditional equitable tolling principle is comprised of two elements, diligence and extraordinary circumstances. And the Secretary does not dispute that Mr. Thompson and his wife were diligent in sending in his appeal to the agency. So the only question that remains for discussion this morning is whether the extraordinary circumstances standard is satisfied. On that point, there are controlling Supreme Court cases that we cite at page 19 of our brief that say, when you timely file an appeal or you timely file a claim, but you mistakenly file in the wrong forum, equitable tolling can apply and that does satisfy extraordinary circumstances. Well, counsel, I'm worried about the Menominee case. Yes. Because I know what you're referring to, Burnett and Irwin, and they do say what you say. But doesn't Menominee, which cites Irwin and which cites this language, doesn't it change this around and make very clear that it's got to clearly be extraordinary circumstances beyond your client's control? Well, Menominee certainly says that in the context of that case, the extraordinary circumstances need to be beyond the claimant's control. There's no dispute about that. But if you look at footnote 2 in Menominee, it specifically says that that extraordinary circumstances formulation has never been applied outside of the habeas context. It says, we have never held that its equitable tolling test necessarily applies outside the habeas context. But they applied it here. They applied it in Menominee, right? They applied it in Menominee outside of the context to the contract dispute. So footnote 2 is contrary to the rest of the opinion. Yeah, and the import of footnote, well, I don't know that it's contrary to the rest of the opinion. What I think it's saying is all of the Supreme Court's other equitable tolling cases, including Bowen, including Burnett, were outside of the habeas context. Now, wait. They're talking about whether there should be an even stricter test in footnote 2. Well, that's one of the things that footnote 2 says, is that there was no argument for a stricter test because they didn't satisfy Holland's test anyway. But it also goes on to say the tribe doesn't argue for a different or more generous test. But it could be stricter than habeas, right? What could be stricter than habeas? The test, the test of beyond circumstances. I think that the circumstances beyond one's control is the strict habeas test. That's what the Holland case is, and that's what other cases outside the Social Security Act hold. Well, what's the effect of Menominee on the other two cases? It has no effect on Burnett. It has no effect on Bowen. If you look at Bowen, Bowen did not hold. I'm interested in Irwin and Burnett. Correct. It has no effect. You said Bowen is the reason I said that. Yes, yes. And it has no effect on Irwin, which is also discussed as equitable tolling. Well, is Burnett limited to a situation where the person files in the wrong court of competent jurisdiction? Those are the circumstances in Burnett. Why should we extend it to somebody sending a letter to the agency? Well, because that's how a pro se Social Security claimant files. So a pro se Social Security claimant, you send in the letter. It's not like you file in the agency, but I'm saying when they're supposed to file in the court and all they do is write to the agency again, after having been given instructions that you need to write to a court, Burnett might say, well, if they wrote the letter to the state court instead of the federal court, then perhaps Burnett would apply. But if they don't even write to a court, why should we extend Burnett to cover that situation? I don't think it's an extension of Burnett. Why should we apply Burnett to a situation where they don't write to a court of competent jurisdiction? Because from the standpoint of a Social Security claimant, there's no difference between sending something to the agency and sending something in the mail to a court. So let me give you a hypothetical. Suppose that Mr. Thompson had sent in his appeal to the district court for the District of South Dakota instead of where he ultimately sent it, which is the Appeals Council. There are federal statutes that say if it's in the wrong venue, you can transfer it without dismissing it, so there wouldn't have even been a timeliness issue if he had simply sent it to the wrong federal judicial district. If he'd sent it to the Court of Appeals, though, the Eighth Circuit, he might have needed tolling. Or if he'd sent it to the state district court, he might have needed tolling, and that's what Burnett's about. That's what Burnett's about. So the question is, why should Burnett apply? Still, my question is, when he writes to the agency, you don't see a distinction between writing to a court and writing to the agency. Why not? Because from the standpoint of a pro se Social Security claimant, you are sending in a letter saying we think that this is wrong, and there's no functional difference between addressing it to the agency and addressing it to a court. In other words, when you typically file a civil case in federal district court, you go to the clerk's office, and as an attorney representing someone, you file the appropriate appeal forms. That's not how it works for a Social Security claimant. The record undisputedly says when Mr. Thompson ultimately mailed in the complaint that appeals the denial of benefits. It was just a letter. So there's no functional difference in the Social Security Act context. And if there's any doubt on this. I'm not following. You mean he doesn't file a formal legal document? He sends a letter? Is that the point? Yeah, if you look at documents. We're talking about where he sends it. Correct. He's been told in the documents to send it to the federal court, and he doesn't send it to any court. Well, correct. Ultimately, he sends it to the wrong forum. He sends it to the agency instead of the federal district court. So what I'm trying to get at is where the wrong forum includes things other than courts of competent jurisdiction, because that's what Burnett was about. I think to read the statement in Burnett, which says if you file in the wrong forum, you're entitled to equitable tolling, narrowly as only including legal fora but not administrative agencies, is inconsistent with the purpose of the Social Security Act. It's inconsistent with the Supreme Court statement in Bowen, the Social Security Act, and Congress meant to construe that to be unusually protective of claimants. Those are the words that the Supreme Court used to describe what Congress meant. And if you look at Burnett, if you look at Bowen, if you look at these other cases, they say you apply equitable tolling in light of the principles of the statute. And in the habeas context, no one is going to accuse Congress of wanting to blow the doors open on allowing more habeas claims to be untimely. But in the Burnett case, that's a federal employer's liability act, Congress said, we want humane and remedial purposes. Those are the words that the Supreme Court used in Burnett. Similar purpose in Bowen. Unusually protective of claimants. So when you have timely filing by a pro se litigant, where there's admitted notice to the agency, and no prejudice under this statutory scheme, that constitutes extraordinary circumstances. I'll reserve the rest of my time. You may. Thank you. Thank you, Your Honor. We'll hear from Counsel for the Secretary, Mr. Jenkins. Good morning, sir. You may proceed. May it please the Court. My name is L.B. Jenkins, and I'm here today to represent Nancy Berryhill, the Acting Commissioner of the Social Security Administration. The sole issue in this case is whether appellant Mr. Thompson is entitled to equitable tolling of the statutory period of limitations for appealing the Commissioner's denial of his application for disability insurance benefits. The Supreme Court in this circuit agrees that the litigant has- You should raise the- I'm pulling the mic a little closer to you, and maybe raise the lectern a little bit so the mic is up closer to you. You're just not coming through very well on the- Is that better? All right, stand up. Well, okay. Speak into the mic. It's clear. You may proceed. The Supreme Court in this circuit has agreed that the litigant must meet two elements to be entitled to equitable tolling. In other words, Mr. Thompson must show that he was diligent in pursuing his right to appeal and that some extraordinary circumstance, which was beyond his control, prevented him from timely filing his civil action. Although Mr. Thompson argues he met both these requirements, the facts in this case do not support his position. When Mr. Thompson received his appeals counsel denial on July 27, 2015, on page 2, under a bold heading entitled, How to File a Civil Action, he was provided very detailed instructions on how to file a civil action. Specifically, Mr. Thompson was advised that he had 60 days to file his complaint in the district court for the judicial district in which he lived. He was also provided specific information on how to locate the appropriate address to send his civil action to. Mr. Thompson clearly understood he had 60 days to file his civil action because he actually requested an extension within that 60-day time frame, which the appeals counsel granted. The extension gave Mr. Thompson until December 18th, an additional 30 days, to file his civil action. But instead of filing his civil action, Mr. Thompson's wife, acting as his representative for not one, but two letters to the appeals counsel. The first letter was sent on December 10th, which Mrs. Thompson contends was supposed to be sent to the district court. However, the text of the letter suggests the appeals counsel was actually the intended recipient of this letter. Specifically, the first sentence of the letter reads, quote, I am writing to respectfully disagree and appeal your decision. After Mr. Thompson's wife sent the second letter to the appeals counsel on December 14th, the appeals counsel notified Mr. Thompson on January 6, 2016, that since he did not file his civil action, no further action would be taken on this case. Mr. Thompson attempts to argue that sending the two letters was his attempt to file his appeal. However, the appeals counsel's notice specifically provided that his complaint needed to be filed in district court. Now, the facts of this case are similar to the facts in the Fifth Circuit, Salter v. Colvin, where the court held no basis for equitable tolling and where plaintiffs sent letters to the commissioner's appeals counsel instead of the district court. Other circuits disagree with that, right, if we're going to other circuits? The Third Circuit, how do you count the noses on the circuits? Can you tell us how do you count which circuits are for which positions? I don't understand your question. Okay, you said the Fifth was one way and I thought the Third was the other. Is that true? No, I didn't mention the Third Circuit. I did. Okay. Isn't the Third Circuit the other way, the Kramer case, 2012 case? Kramer v. Commissioner of Social Security. I know it's a federal appendix case. You're not familiar with it? No, I'm not. I'm sorry. Okay. Well, are you familiar with other circuits that have ruled on either hand? Well, the Tenth Circuit also had to excuse him with neglect, such as filing a social security appeal in the wrong form does not constitute extraordinary circumstance. However, in that case, I believe the particular claimant filed in another court instead of sending something to the Social Security. But I believe that the Salter case is our strongest case on that point. Now, I thought you just said a minute ago the Salter case is from the Fifth Circuit, but your brief says it's from the District Court of New Mexico. New Mexico is the Fifth Circuit. Well, New Mexico is in the Tenth Circuit, and it's also a district court. I'm sorry. That's a typo in my notes. Which is the typo? It's the District of New Mexico. Okay. I'm sorry. So you're not aware of an appeal in that case? I was just trying to clarify whether there had been a subsequent appeal. No, not that I'm aware of, no. All right.  All right. Very well. Well, I also want to add that this circuit has also held that a pro se litigant status, lack of knowledge, or confusion of the limitations period does not warrant equitable tolling. I would also like to point out. Which case is that that you're referring to? U.S. v. Mendez and Schumann v. Norris. Were both of those criminal cases? Was either one of those a Social Security case? No, not those two. But in Olson v. Colvin, this court did apply the two-element test to Social Security cases. I don't think that the. . . Is there any dispute about the two-element test here? I thought there was just a dispute about whether the second element is met. Well, I know that there was, opposing counsel's argument, there was some discussion about whether or not the two-element test could be applied here. So I just want to. . . Oh, you think they're arguing the two elements don't apply. All right. What about the Burnett case that was discussed earlier? Do you have a view on whether that counsel's allowing equitable tolling here, on the view that this is the equivalent of filing in the wrong forum? Well, the problem here is that Mr. Thompson never filed a civil action. He just simply wrote two letters to the Appeals Council. So this isn't necessarily a case of a wrong filing. This is a case where he sent letters basically disagreeing with the Appeals Council decision. And, in fact, he eventually filed his civil action in this court, but it was after the statutory period expired. Well, do the letters to the Appeals Council indicate that he was attempting to file a civil action? No, they do not. They just simply said that she agreed, his wife agreed with the decision of the Appeals Council. And she even went on to. . . I don't think she agreed with the decision of the Appeals. She might have disagreed with it. I'm sorry, disagreed with the decision of the Appeals Council. I see. I also want to point out that Mr. Thompson has previously filed an unrelated pro se action against this commission in 2012, which clearly demonstrates he understands how to file a civil action in court. Eventually, Mr. Thompson did file a civil action on April 18th, five months after the filing date. The Supreme Court has held that equitable tolling would be inappropriate where the litigant is responsible for his own delay. And I believe that that's the case here. Finally. . . Okay, before. . . I know the opposing counsel also mentioned jurisdiction. While the district court's order was not specific, the court clearly considered whether equitable tolling should be warranted in this case. In fact, before making his ruling, it asked Mr. Thompson to show cause, to show that the statute should be tolled. And in his affidavit, he admitted that he filed late. The court decided that the reasons for late filing were not sufficient and concluded that equitable tolling was not warranted in this case. In conclusion, Mr. Thompson has not shown any extraordinary circumstances which were beyond his control, preventing him from timely filing his civil action. Therefore, the commissioner respectfully requests that this court affirms the district court's judgment. Thank you for your time. Thank you for your argument. Mr. Justman? Thank you, Your Honor. Judge Benton, to answer your question on where the circuits come out, the Third Circuit, the Sixth Circuit have standards that don't require this outside of your own control. And I will point out that on page 15 of our brief, we cite this circuit's decision in Medellin v. Shalala, where in dicta it says, if you actively pursue judicial remedies by filing a defective pleading during the statutory period, equitable tolling can apply. So that's, again, another case from this court where it explains you don't need extraordinary circumstances beyond your own control. In response to the Salter case, that is extremely factually distinguishable. The claimant in Salter took two years beyond the expiration of the statutory period. That's obviously not the case here. But the Eleventh Circuit's against you, right, in Jackson v. Astrew? It says even filing in a court without jurisdiction, competent jurisdiction, doesn't toll this very limitation, right? I think that is the Eleventh Circuit's standard, but I'm not aware of the Eleventh Circuit applying it to a timely filing in the wrong forum. Sure. Opposing counsel mentioned excusable neglect or a pro se litigant. Well, I'll ask you. Go ahead. How do we overlook, if that's the word to put it, how do we overlook the claimant's filing of an action in 2012? I don't think that's something that is overlooked in the totality of the circumstances. If they could do it then, why couldn't they do it the second time or third time? So I will tell you from having talked with our client and reviewed the records, there have been a lot of letters to a lot of agencies. And the fact that you can send in a letter once in 2012 in the entirety of the circumstances doesn't mean that equitable tolling shouldn't apply under all of the other facts. Was that letter actually a submissible or fileable complaint, a lawyerly complaint? Would it have alerted whoever it was of the nature of this relief sought, put it that way? I don't remember exactly what it looked like, but I think it was the same type of letter that occurred. It didn't have a caption on so-and-so versus the secretary? No, it didn't. And to answer Your Honor's earlier question, was Mr. Thompson's current timely but inaccurately addressed letter directed to an appeals court? Yes. It was addressed dear appeals court. Both of them were. Both of the timely filing letters were. In other words, the street address is what? The street address, I believe, was addressed to the appeals council, which I think has a location in Virginia. I don't even know where it is. It's in Virginia. Yeah. So we respectfully ask the court to reverse and remand for proceedings on the merits. I want to thank both sides for the argument. It's an intriguing question, and both sides have brought the relevant authorities to our attention. The case is now submitted, and we will take it under consideration. Madam Clerk, does that...